UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VINCENT MICHAEL RODRIGUEZ,

      Plaintiff,

v.                                                                    Case No: 5:26-cv-169-JEP-PRL

WILLIAM HARSANYI, III, DANIEL
THOMAS VIDAS, CLIFF DE LOS
RIOS, and EULOGIO VIZCARRA,

      Defendants.

_____

### ORDER

This cause comes before the Court on Plaintiff's filing, titled "Complaint for Pure Bill of Discovery in the Middle District Ocala Court," which the Court construes as a motion for discovery. (Doc. 12). Plaintiff, proceeding *pro se*, requests the Court to issue an order requiring the production of documents and/or information. (*See id*. at p. 6). Upon due consideration, Plaintiff's motion will be denied.

A court has broad discretion in managing discovery, including the scheduling of discovery. *See Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Under Rule 26(f), parties must confer as soon as practicable before a scheduling conference is held or a scheduling order is due. *See* Fed. R. Civ. P. 26(f)(1). Although a party may not ordinarily seek discovery from any source until the parties have conferred as required by Rule 26(f), a court may nonetheless permit expedited discovery before a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) (providing that a party may seek discovery prior to the initial Rule 26(f) conference "when authorized by . . . court order"). A

party seeking to conduct early discovery must establish that there is good cause for doing so. *See Malibu Media, LLC v. Doe*, No. 8:15-CV-2314-T-17TBM, 2015 WL 12856086, at *1 (M.D. Fla. Nov. 6, 2015) (citations omitted); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (citations omitted). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *TracFone Wireless, Inc., LLC*, 299 F.R.D. at 694 (citation omitted).

Plaintiff's motion fails to show good cause for early discovery. Plaintiff generally requests broad discovery, but does not describe the requested discovery, nor the target(s) of the discovery with any particularity. *See Miner v. Chase Auto Fin.*, No. 6:25-cv-437-CEM-RMN, 2025 WL 1381895, at *1 (M.D. Fla. May 13, 2025) (denying plaintiff's motion for a verified bill of discovery, requesting the production of documents or information because, in part, plaintiff failed to demonstrate good cause for early discovery). Further, this case is in the early stages of litigation, and the parties have not yet filed a case management report. Discovery is therefore not authorized under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d)(1).

Despite proceeding *pro se*, Plaintiff is advised that he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult

- 3 -

the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

Accordingly, Plaintiff's filing titled "Complaint for Pure Bill of Discovery in the Middle District Ocala Court" (Doc. 12), which the Court construes as a motion for discovery, is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on March 24, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties