**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**VINCENT MICHAEL RODRIGUEZ,**

     **Plaintiff,**

**v.**                                                                    **Case No: 5:26-cv-169-JEP-PRL**

**WILLIAM HARSANYI, III, DANIEL**
**THOMAS VIDAS, CLIFF DE LOS**
**RIOS, and EULOGIO VIZCARRA,**

     **Defendants.**

---

#### ORDER

This cause comes before the Court on *pro se* Plaintiff's filing titled "Notice in Regard to Walmart Inc. Employee Cliff De Los Rios (Non-Respondent) to Case Number 5:26-cv-169 in Accord with FRCP Rule 14a Request for Default Judgment Per Rule 54c" (Doc. 14), which the Court construes as a Motion for Default Judgment against Defendant Cliff De Los Rios. Upon due consideration, Plaintiff's motion for default judgment is due to be denied.

Under Federal Rule of Civil Procedure 55, a two-step process exists for obtaining a default judgment. *See* Fed. R. Civ. P. 55(a)-(b); *Awgi, LLC v. Team Smart Move, LLC*, No. 6:12-cv-948-ORL-22DAB, 2012 WL 12904224, at *1 (M.D. Fla. Sept. 28, 2012), *report and recommendation adopted*, 2012 WL 12904225 (M.D. Fla. Oct. 4, 2012). First, the moving party must obtain an entry of default from the clerk of court. *See* Fed. R. Civ. P. 55(a) (stating that the clerk of court must enter the party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise"). Second, after a default has been entered, the party must apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(b). As a result, in accordance with the

Federal Rules of Civil Procedure and Local Rules of this Court, Plaintiff must first obtain a clerk's default before moving for default judgment. *See* Fed. R. Civ. P. 55(a)-(b); M.D. Fla. Local R. 1.10(b)-(c).

Plaintiff's construed motion for default judgment must be denied as premature and improper because he has not obtained the clerk's entry of default against Defendant Cliff De Los Rios. *See Awgi, LLC*, 2012 WL 12904224, at *1 ("'[T]he clerk's entry of default must precede an application' for default judgment.") (quoting *Deforest v. Johnny Chisholm Glob. Events, LLC*, No. 3:08-cv-498-MCR-EMT, 2010 WL 1792094, at *7 (N.D. Fla. May 4, 2010)); *Cummings v. MNR Ramy, Inc.*, No. 6:19-cv-2010-RBD-GJK, 2021 WL 7450452, at *1 (M.D. Fla. Aug. 20, 2021) ("[B]ecause [p]laintiff did not obtain a clerk's default against Garnishee, a default judgment is unavailable.") (citation omitted); *Bardfield v. Chisholm Props. Cir. Events, LLC*, No. 3:09-cv-232/MCR/EMT, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010) ("The law is clear that the[ ] two separate steps [under Rule 55] cannot be combined into one.") (citations omitted). In fact, Plaintiff has not moved for the entry of default against Defendant Cliff De Los Rios to date. Further, there is no evidence that Defendant Cliff De Los Rios has been properly served in this action. (*See* Doc. 1 at p. 7) (stating in the Notice of Removal, that "[t]here is no indication . . . that the Defendant, CLIFF DE LOS RIOS, has been served [at the time of removal] or responded to the Plaintiff's Amended Complaint"). No proof of service has been filed since the case was removed from state court to this Court. *See* M.D. Fla. Local R. 1.10(a). Without proof that Defendant Cliff De Los Rios has been properly served, his time to answer or respond to Plaintiff's amended complaint (Doc. 1-2) has not started to run. *See* Fed. R. Civ. P. 12(a)(1)(A) (requiring a defendant to serve an answer within 21 days after being served with the summons and complaint).

- 3 -

Accordingly, Plaintiff's filing titled "Notice in Regard to Walmart Inc. Employee Cliff De Los Rios (Non-Respondent) to Case Number 5:26-cv-169 in Accord with FRCP Rule 14a Request for Default Judgment Per Rule 54c" (Doc. 14), which the Court construes as a Motion for Default Judgment, is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on March 31, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties